J-A13044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| HAKIM MOORE | : | |
| | : | |
| Appellant | : | No. 1657 EDA 2021 |

Appeal from the PCRA Order Entered August 6, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010177-2016

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:             **FILED AUGUST 15, 2022**

Appellant, Hakim Moore, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth some of the relevant facts and procedural history of this appeal as follows:

> On October 13, 2016, Philadelphia police officers observed Appellant standing outside a deli located on the corner of the 1600 block of West Susquehanna Avenue. The officers testified at a suppression hearing that the location was a high crime area and that Appellant "bladed" his body away from the officers and reached for his waistband. They then observed Appellant enter the store and pretend to make a purchase. Based upon their training and experience, the officers stopped and arrested Appellant who was carrying a firearm secreted in his waistband.
>
> Appellant's suppression motion was denied and Appellant

waived his right to [be] tried by a jury. At the conclusion of a bench trial, Appellant was found guilty of violating sections 6105, 6106, and 6108 of the Uniform Firearms Act (18 Pa. C.S. §§ 6105, 6106, and 6108).

The [c]ourt ordered a Pre-Sentence Report and the attorneys submitted sentencing memorand[a]. At the sentencing hearing on June 19, 2017, in addition to reviewing background information from the Pre-Sentence Report, the [c]ourt noted that Appellant had a very high guideline sentencing range due to his prior record score which was a "Revok" (the guideline range was 120 months to the statutory maximum, plus or minus 12 months). Furthermore, Appellant was on state parole at the time of the current offense due to a conviction for a gunpoint robbery home invasion. The Commonwealth presented testimony from Appellant's state parole agent, and Appellant exercised his right to allocution. Upon consideration of the aforesaid, as well as the Pre-Sentence Report, the [c]ourt sentenced Appellant to an aggregate term of 9½ to 19 years of incarceration.

(PCRA Court Opinion, filed 9/22/21, at 2-3) (internal quotation marks and citations omitted).

This Court affirmed the judgment of sentence on March 20, 2019,[1] and our Supreme Court denied allowance of appeal on September 4, 2019. *See Commonwealth v. Moore*, 215 A.3d 658 (Pa.Super. 2019) (unpublished memorandum), *appeal denied*, 655 Pa. 199, 217 A.3d 795 (2019).

On May 1, 2020, Appellant timely filed a PCRA petition *pro se*. The court subsequently appointed counsel, who filed an amended PCRA petition on October 23, 2020. In the petition, Appellant claimed prior appellate counsel

---

[1] The sole issue raised on direct appeal challenged a pre-trial denial of Appellant's motion to suppress.

- 2 -

("appellate counsel") was ineffective on direct appeal by abandoning a challenge to the discretionary aspects of sentencing. On April 12, 2021, the court held a PCRA hearing. At the hearing, appellate counsel testified, *inter alia*, that she did not challenge the discretionary aspects of sentencing on direct appeal because she believed that issue would not prevail. Appellate counsel stated she believed Appellant would be more likely to succeed by challenging the denial of his suppression motion.

The court denied PCRA relief on August 6, 2021. Appellant timely filed a notice of appeal on August 11, 2021. On August 23, 2021, the court ordered Appellant to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on September 6, 2021.

Appellant raises one issue for our review:

> Whether the [PCRA] court erred in dismissing the Post-Conviction Relief Act petition claiming ineffective assistance of counsel for failure to file a direct appeal from the denial of Appellant's post sentence motion.

(Appellant's Brief at 7).

Appellant argues appellate counsel was ineffective by failing to challenge the discretionary aspects of his sentence on direct appeal. Appellant asserts he expressly requested appellate counsel to raise a sentencing claim on direct appeal, but counsel disregarded his request. Appellant claims the trial court imposed an unduly harsh sentence. Appellant insists the court should have sentenced Appellant concurrently, instead of consecutively. Appellant submits that he "does not have the horrendous record that the prosecution stated he

had. Appellant only has three prior convictions, with only one of them being a felony." (*Id.* at 14). Appellant emphasizes that he waived his right to a jury trial, accepted full responsibility for possessing the gun, and was not using the gun for criminal purposes. Appellant also highlights that he is a new father to a baby with special needs whom he wants to support. Appellant contends the trial court failed to adequately consider these mitigating factors. Appellant suggests he had a meritorious sentencing issue on direct appeal. Appellant concludes appellate counsel was ineffective, and this Court must vacate the order denying PCRA relief and remand for further proceedings. We disagree.

Our standard of review of the denial of a PCRA petition is limited to examining whether the record supports the court's determination and whether the court's decision is free of legal error. *Commonwealth v. H. Ford*, 947 A.2d 1251 (Pa.Super. 2008), *appeal denied*, 598 Pa. 779, 959 A.2d 319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. J. Ford*, 44 A.3d 1190 (Pa.Super. 2012). If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297 (2011).

The law presumes counsel has rendered effective assistance.

*Commonwealth v. Gonzalez*, 858 A.2d 1219 (Pa.Super. 2004), *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005). In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Turetsky*, 925 A.2d 876 (Pa.Super. 2007), *appeal denied*, 596 Pa. 707, 940 A.2d 365 (2007). The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Id.* at 880. "The petitioner bears the burden of proving all three prongs of the test." *Id.*

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate [her] client's interests. If we conclude that the particular course chosen by counsel

- 5 -

had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective." ***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted). Importantly:

> [W]e do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen strategy lacked a reasonable basis only if [a]ppellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Chmiel***, 612 Pa. 333, 361-62, 30 A.3d 1111, 1127 (2011) (internal citations and quotation marks omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. [A] "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

***Commonwealth v. Chambers***, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

Further, "challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether

appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011)).

> [A] defendant **may** raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Swope*, 123 A.3d 333, 338-39 (Pa.Super. 2015) (emphasis in original). "[T]his Court has recognized the imposition of

consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa.Super. 2013) (internal citations and quotation marks omitted). Additionally, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super. 2013).

Instantly, appellate counsel testified at the PCRA hearing that she did not pursue a sentencing issue on direct appeal because she did not believe it would succeed. Specifically, appellate counsel stated:

> The guidelines had called for 10 to 20 years based on [Appellant's] prior record score and the offense. And the guidelines were 10 to 20. He received a guideline sentence of nine-and-a-half [years] to [nineteen years,] which is still a substantial sentence[,] but it was a guideline sentence. So what I would have had to [have] shown under the law is that the sentence was clearly unreasonable. And unfortunately, when I read the sentencing notes, they did not put [Appellant] in a good light at all in my opinion…. [T]here was no chance that I was going to win that given that the standard is abuse of discretion. And it was my belief to go with just the suppression motion.

(N.T. PCRA Hearing, 4/12/21, at 7). Appellate counsel further elaborated:

> The facts of his prior contact with the law were not good…. And the state parole agent said he didn't do well at all while on state parole. So I was not going to, you know, on appeal raise that and then have all that laid out in the Commonwealth's brief when we had no chance of winning

- 8 -

that issue.

(*Id.* at 8). The court found appellate counsel's testimony credible, and decided appellate counsel had a reasonable basis for declining to pursue the sentencing claim on appeal.

The record supports the PCRA court's credibility determination in favor of appellate counsel. *See Dennis, supra*. Further, we agree that appellate counsel had a reasonable basis for failing to raise a discretionary sentencing issue on direct appeal under the facts of this case. Here, Appellant had a prior conviction relating to perpetrating a home invasion where he broke into a house with an assault rifle and held the occupants hostage while robbing the home. (*See* N.T. Sentencing Transcript, 6/19/17, at 5-6). Moreover, Appellant's parole agent testified at sentencing that Appellant was non-compliant with the conditions of his parole and exhibited combative behavior when interacting with corrections staff. (*See id.* at 11-12). Although the court imposed consecutive sentences, the sentences were still within the guideline range. On this record, Appellant's bald assertion of excessiveness would not have presented a substantial question warranting appellate review. *See Swope*, *supra*. Likewise, Appellant's claim that the trial court failed to consider mitigating factors would not have raised a substantial question on direct appeal. *See Disalvo, supra*. Therefore, appellate counsel's decision not to challenge the discretionary aspects of sentencing on appeal was reasonable. *See Pierce, supra*. Appellate counsel cannot be ineffective for

failing to raise a meritless claim. ***See Poplawski, supra***. The record supports the court's denial of PCRA relief. ***See H. Ford, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022